UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Lena Clark, | : | |
| | : | CIVIL 08-CV-4083 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | REPORT AND RECOMMENDATION |
| | : | |
| J.C. Penney Corporation Inc., | : | |
| | : | |
| Defendant, | : | |

SALAS, United States Magistrate Judge,

## I. INTRODUCTION

Before this Court is Plaintiff Lena Clark's ("Plaintiff") motion to remand. (Docket Entry #7). Pursuant to Local Civil Rule 72.1, the Honorable Peter G. Sheridan, United States District Judge, referred this motion to the undersigned for report and recommendation. For the reasons set forth below, this Court recommends **DENYING** Plaintiff's motion.

## II. BACKGROUND

### A. The Complaint

Plaintiff Lena Clark instituted this action against J.C. Penney Corporation, Inc. ("Defendant") on July 2, 2008, by filing a Complaint in the Superior Court of New Jersey, Hudson County. By way of the Complaint, Plaintiff alleges that she was caused to slip and fall due to the negligence of the Defendant. (Compl. ¶ 4.) Plaintiff seeks damages for injuries sustained, as well as for loss of earnings and emotional distress. (*Id.* ¶ 7.) Pursuant to N.J.S.A.

4:5-2, however, Plaintiff did not demand a specific amount of damages. Plaintiff has refused to stipulate that her damages are less than $75,000.

### III. DISCUSSION

Removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, Defendant J.C. Penney seeks to remove this action based on diversity jurisdiction. When federal jurisdiction is predicated on diversity jurisdiction, the case is removable when there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party asserting jurisdiction generally bears the burden of proving that the action is properly in federal court. *Samuel-Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### A. Diversity of Citizenship

Plaintiff first argues that this case should be remanded to State Court because diversity of citizenship does not exist between Plaintiff and Defendant. In support of this argument, Plaintiff claims that "although the Defendant is incorporated under the laws of the State of Delaware, they conduct business in virtually every state within the United States. Because the Defendant conducts business in the State of New Jersey, they are a resident of the State of New Jersey." (Cert. of Eric Weiss ¶ 10.) ("Weiss Cert.") It is well established under federal law that, for purposes of determining diversity of citizenship, an incorporated entity will be deemed to be a citizen of its state of incorporation and the state of its principal place of

business.  28 U.S.C. § 1332(c).  There is no merit to, nor does Plaintiff point to any law to support, the argument that a corporation should be deemed a citizen of every state in which it does business.

In this case, Defendant is incorporated under the laws of the state of Delaware and has its principal place of business in Texas.  (Notice of Removal ¶ 6.)  Therefore, for diversity purposes, Defendant will be treated as a resident of both Delaware and Texas.  Plaintiff is a resident of New Jersey.  (Weiss Cert. ¶ 8.)  Therefore, Plaintiff and Defendant are citizens of different states, and there is complete diversity among the parties as contemplated by 28 U.S.C. § 1332.

### B.  Amount in Controversy

Plaintiff next seeks to escape federal jurisdiction by claiming that "there is insufficient evidence to establish that the amount in controversy exceeds $75,000.00."  (Weiss Cert. ¶ 12.)  Indeed, Plaintiff's Complaint is void of a specific demand as to damages.  This, however, does not end the inquiry.

The appropriate analysis to be used in ascertaining whether the amount in controversy meets the jurisdictional threshold is set forth in *Frederico v. Home Depot*, 507 F.3d 188 (3d. Cir. 2007).  In *Frederico*, the Third Circuit discussed and clarified two previous Third Circuit opinions, *Samuel-Bassett v. KIA Am., Inc.*, 357 F.3d 392 (3d Cir. 2004), and *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006), which had produced inconsistent results within the Circuit.

According to *Frederico*, *Morgan* applies to cases in which the complaint specifically states that the amount sought is less than the jurisdictional minimum.  There, a defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount.  *Samuel-Bassett*, on the other hand, applies to cases in which the plaintiff has not

specifically alleged that the amount in controversy is less than the jurisdictional minimum. There, the matter must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.

Where the complaint does not specifically allege that the amount in controversy is less than the jurisdictional amount and *Samuel-Bassett* controls, a court must first determine whether there are disputes over factual matters relevant to establishing jurisdiction. *Frederico*, 507 F.3d at 194.  If factual disputes exist, the party asserting jurisdiction has the burden to justify jurisdictional facts by a preponderance of the evidence.  If this burden is met, or if the relevant facts are not disputed, the district court should adhere to the "legal certainty" test established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).  *Frederico*, 507 F.3d at 194, 197.  Under the *Red Cab* legal certainty test, a case should be dismissed or remanded only when the "*challenger* to subject matter jurisdiction" can prove to a legal certainty that the amount in controversy "could not exceed the statutory threshold." *Id.* at 195 (emphasis in original).

In the current case, Plaintiff does not state an exact sum sought in the Complaint. Therefore, this case falls under the framework established by *Samuel-Bassett*.  As noted above, the first inquiry under this framework is whether there are factual disputes.  Plaintiff first, somewhat half-heartedly, attempts to argue that "the Plaintiff does dispute" the factual assertions relating to jurisdiction. (Pl.'s Reply Br. 1.)  These factual assertions, however, are all contained within the Complaint, Defendant's Notice of Removal, and Plaintiff's medical records.  Plaintiff does not attempt to dispute any of the factual allegations within the Notice of Removal anywhere in her briefs.  Furthermore, she expressly relies on her Complaint and medical records in support of her Motion to Remand.  (Pl.'s Reply Br. 7.)  These are the same

exact documents on which Defendant relies in opposing Plaintiff's Motion. (Def.'s Br. in Opp. 10.) Therefore, the Court fails to see how there can be any dispute over these factual assertions. Because the relevant jurisdictional facts are not in dispute, the *Red Cab* legal certainty test set forth above controls. Therefore, Plaintiff, who is the challenger to subject matter jurisdiction in this case, must prove to a legal certainty that the amount in controversy could not exceed the statutory threshold.

The Complaint "demands judgment against the defendant, for damages, interest and costs of suit, attorney fees and such other further relief as the Court may deem just and appropriate." (Compl.) With respect to damages sustained, Plaintiff alleges that she "was caused to fall and sustained severe, painful, disabling, and permanent injuries to her body, which injuries necessitated her obtaining medical treatment, and she was compelled to expend large sums of money for medical care and attention, as well as suffer great physical and emotional pain, suffering, disability, stress, anxiety, depression, inconvenience, and distress. She has sustained loss of earnings and she is prevented from pursuing and enjoying her usual family activities, attending to her duties and chores and from engaging in her usual course of conduct for a long period of time, and she was otherwise damaged." (Compl. ¶ 7.)

To determine the amount in controversy, the Court is free to consider "the complaint, the notice of removal, and the submissions related to plaintiff's motion to remand." *Faltaous v. Johnson & Johnson*, No. 07-1572, 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007). The ultimate determination regarding the amount in controversy requires a "reasonable reading of the value of the rights being litigated." *Angus v. Shiley*, 989 F.2d 142, 146 (3d Cir. 1993).

In support of their argument that there is a potential for Plaintiff to recover in excess of the jurisdictional amount, Defendant points to the allegations from Paragraph 7 of Plaintiff's

Complaint, which are set forth above.  Defendant also notes that Plaintiff refused to limit her recovery to an amount below the jurisdictional threshold.  Further, Defendant points to Plaintiff's medical records, which have been attached as an exhibit to Defense Counsel's Certification.

According to Plaintiff's medical records, Plaintiff underwent arthroscopic surgery to repair a rotator cuff in her left shoulder.  (Hendry Cert., Ex. 1.)  The operative report notes "that the patient has severe retracted head of the rotator cuff at the supraspinatus portion and you can literally look at the acromioin through the glenohumeral joint." (*Id.*)  Further, an MRI of Plaintiff's left knee revealed "severe tricompartmental joint space narrowing with marginal osteophyte formation. . . . The medial meniscus is severely injured or deranged. The lateral meniscus showed anterior horn and anterior body focal tear and injury." (Hendry Cert., Ex. 2.)

In addition to these materials, Plaintiff's Counsel has also stated that Plaintiff's injuries "include a left shoulder and left knee injuries, resulting in surgery, severe and permanent injuries, lost wages, medical care expenses and pain and suffering." (Weiss Cert. ¶ 11.) There is, however, no precise description by either party of the amount of medical expenses or lost wages, the prognosis, or any other detail relating to actual damages.

Plaintiff repeatedly notes that the Defendant has failed to produce evidence that the amount in controversy exceeds $75,000.  (Weiss Cert. ¶¶ 11, 12, 13.)  This, however, is not the standard.  As noted above, and as Plaintiff herself acknowledges (Pl.'s Reply Br. 7), pursuant to *Frederico, Samuel-Bassett*, and *Red Cab*, the matter must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.  This rule "does not require the removing defendant to prove to a legal certainty the plaintiff *can*

recover $75,000 – a substantially different standard." *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3 (E.D. Pa. 2006).

In her reply brief, Plaintiff takes the somewhat more tenable position that "she can establish to a legal certainty that the amount in controversy is not likely to exceed the jurisdictional amount." (Pl.'s Reply Br. 1.) She fails, however, to present any evidence which would actually aid in establishing that this standard has been met. She instead takes issue with the fact that Defendant has cited to her own Complaint, arguing that Defendant should not be able to rely on the "legal form language" contained therein. (*Id.* at 7-8.) The Court finds no merit, or logic, to this argument, as Plaintiff herself has already stated that she too is relying on the Complaint.

The Court further finds it relevant that Plaintiff has refused to limit her damages below the jurisdictional limit. Although the hesitation to do so is understandable, "pursuant to *Frederico* it will be hard to remand diversity personal injury cases without an express limitation of damages." *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008); *see also Avant v. J.C. Penney*, No. 07-1997, 2007 WL 1791621, at *2 (D.N.J. June 19, 2007) ("this Court generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000 ")). Further, at least one court in this district has found a plaintiff's refusal to cap her damages to be suggestive of her own belief that she may be entitled to compensation in excess of the jurisdictional amount. *Avant*, 2007 WL 1791621, at *2.

Based on the description of Plaintiff's injuries provided in the Complaint, the Notice of Removal, and the submissions related to this motion, the Court finds that Plaintiff's recovery could be significant if a decision were rendered in her favor. Plaintiff has alleged multiple

serious, permanent, and disabling injuries, which on its own may be enough to support removal.  *See Avant*, 2007 WL 1791621, at *2.  In addition, Plaintiff is also seeking damages for pain and suffering, which could be great should this case proceed to trial before a jury.  *See Fields*, 2008 WL 4447098, at *4. ("[J]uries are basically unrestricted in their ability to award pain and suffering damages.")  In short, Plaintiff has failed to sustain her burden of showing that she cannot recover damages in excess of the $75,000 jurisdictional requirement.  Thus, as it does not appear to a legal certainty that Plaintiff cannot recover the jurisdictional amount, the case need not be remanded.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court DENY Plaintiff's motion to remand.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.


    /s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**